THOMPSON *v.* HARBISON.

The act of 1843, giving justices of the peace jurisdiction in actions by and against executors and administrators, applies to causes of action which existed at the time of its passage, as well as to those that might afterwards accrue.

*Sci. fa.* issued by a justice of the peace for execution against replevin-bail. The writ recited a judgment recovered by the plaintiff against *A.* before the justice in 1840; the defendant's entering himself as bail; the death of *A.* in 1840; the granting of administration of his estate to *B.*; the issuing of a *sci. fa.* by the justice against *B.* as administrator, and the revival of the judgment against him in 1844; the issuing of a *fi. fa.* against *B.*, and the return thereof of *nulla bona*, &c. *Held*, that the writ was sufficient.

Nov. Term,
1845.

THOMPSON
v.
HARDISON.

Tuesday,
November 25.

ERROR to the *Dubois* Circuit Court.

DEWEY, J.—*Scire facias* against bail for the stay of execution. The writ recites a judgment recovered by the plaintiff against one *Powers* before a justice of the peace in 1840; the entering into bail for the stay of execution by the defendant; the death of *Powers* in 1840; and the granting of letters of administration of his estate to one *Read ;* the issuing of a *scire facias* by the justice against *Read* as administrator, and the revival of the judgment against him in 1844; the issuing of a *fieri facias* against him, and the return thereof of *nulla bona*, &c. The defendant demurred generally to the *scire facias*, and the demurrer was sustained. Final judgment for the defendant.

The statute, under which the judgment against *Powers* was rendered, and the bail for the stay of execution was entered by the defendant, required that to render the bail liable, a *fieri facias* against the goods and chattels of the judgment-debtor should issue, and be returned "no goods found." R. S. 1838, p. 374. At the time of the death of *Powers* in 1840, no such return had been made, nor was any made until 1844, after the revival of the judgment against his administrator. The revival of a justice's judgment on account of the death of a judgment-debtor was not provided for by the statute of 1838, but is authorized by a subsequent act, which was in force when the judgment recited in the *scire facias* was revived, and which extends the jurisdiction of justices of the peace to actions by and against executors and administrators. R. S. 1843, p. 863.

It is admitted by the defendant in error, that the death of *Powers*, the judgment-debtor, before a return of "no goods" to an execution against his goods and chattels, did not exonerate his replevin-bail; but he contends that the revival of the judgment in 1844, and the return of *nulla bona* to the execution against his administrator, are not sufficient to fix his bail for the stay of execution. This objection is founded upon the supposition that the law, prior to 1843, did not authorize a justice of the peace to issue a *scire facias* to revive a judgment against an administrator, and that the statute of 1843 does not embrace causes of action which existed at the time of its passage. If this view of the law were correct, it would

follow that, in cases like the present, the judgment-creditor would be obliged to resort to chancery to enforce a remedy against the replevin-bail. We cannot think that such was the design of the legislature. We, therefore, conclude that it was designed by the statute of 1843 to include causes of action which existed at the time of its passage, as well as those which might afterwards accrue. This construction removes all objection to the sufficiency of the *scire facias* under consideration. The writ contains the necessary averments to render the defendant liable as replevin-bail.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Pitcher*, for the plaintiff.

*E. S. Terry*, for the defendant.